IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| OCTAVIAN D. REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-0029 |
| | ) | Judge Aleta A. Trauger |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

The plaintiff Octavian D. Reeves, proceeding *pro se*, filed a civil complaint against defendants Corrections Corporation of America (CCA), Nurse Cynthia Pratt and Nurse Scott. (ECF No. 1.) Before the court are the plaintiff's application to proceed *in forma pauperis* (ECF Nos. 2, 8) and his Motion to Appoint Counsel (ECF No. 5). In addition, his complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

I. **APPLICATION TO PROCEED AS A PAUPER**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from the plaintiff's submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF Nos. 2, 8) will be granted.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA

provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff will be assessed the full $350 filing fee, to be paid as directed in the accompanying order.

## II. INITIAL REVIEW

### A. <u>**Factual Allegations**</u>

In his complaint, the plaintiff alleges that the defendants knowingly withheld psychotropic medication from him and as a result, he became unstable and violent, injuring himself and others. Specifically, the plaintiff alleges that on September 15, 2016, Scott Schuch gave him a 90 day prescription for Prozac for his depression. (ECF No. 1 at Page ID# 4.) On October 3, 4 and 5, 2016, defendants CCA and Pratt failed to give the plaintiff his Prozac. (*Id.*) On October 5, 2016, the plaintiff filled out an emergency sick call form because he was not receiving his medication, but he did not receive a response from the mental health department. (*Id.*) On October 11, 2016, defendant Scott came to the plaintiff's unit but she gave the plaintiff the wrong medicine. (*Id.*) On October 14, 2016, the plaintiff filled out another emergency sick call form because he was not given his Prozac on October 10 or 11, 2016. (*Id.*)[1] Again, he did not receive a response. (*Id.*) The plaintiff alleges that CCA, Pratt and Scott have repeatedly failed to ensure that Plaintiff is provided with his prescribed psychotropic medication on a daily basis despite knowing that he needs this medication due to his serious mental health issues. (*Id.*) Plaintiff alleges that the defendants' abrupt discontinuation of his stabilizing medications has caused a "significant disruption" in the plaintiff's life and prevents him from functioning in the general population "without disturbing or endangering others or himself." (*Id.*) As an example, the plaintiff alleges that on October 20, 2016, the plaintiff was depressed because he was not

---

[1] It is not clear whether the plaintiff obtained his Prozac medication from October 6 through 9, 2016, as the plaintiff does not set forth any allegations regarding this time period.

being given his medication and as a result, he climbed a razor wire fence and jumped over the fence. (*Id.*)

The plaintiff alleges that on June 16 and 17, 2017, the defendants failed to ensure that he received his prescribed medication. (*Id.*) The plaintiff alleges that this has been an on-going problem since he arrived at TTCC. Additionally, he alleges that because of the defendants' conduct, his mood has been unstable, which has disrupted his daily functioning and prevented him for being housed in the general population. The plaintiff alleges that because he has routinely by denied his psychotropic medication, on October 23, 2017, the plaintiff punched another inmate multiple times on the right side of his head. The plaintiff alleges that he has never refused the daily dose of his psychiatric medication and that such medication is essential to his mental health care.

As relief, the plaintiff seeks money damages, an injunction and a declaratory judgment.

### B. Standard of Review

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the]

complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

The court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Williams*, 631 F.3d at 383 (recognizing that "[p]ro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." (internal quotation marks and citation omitted).) *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**C. Discussion**

1. Constitutional Violations against Defendant CCA

The plaintiff identifies the Corrections Corporation of America (CCA) as a defendant. Because CCA performs a traditional state function in operating a correctional facility that Tennessee or a municipality ordinarily would operate, CCA acts under color of state law. *See Gabriel v. Corrections Corp. of America*, 211 F.Supp.2d 132, 138 (D.D.C. 2002) (concluding private corporation operating prison under contract of government is state actor for purpose of § 1983); *Street v. Correction Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996) (CCA acts under color of state law because it performs the traditional state function of operating a prison). Although CCA cannot be held liable on a respondeat superior theory, it can be held liable on the basis of its own policy or custom. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (explaining that "[l]ike a municipality, a government contractor cannot be held liable on a respondeat superior theory. . . . however, . . . a private contractor is liable for a policy or custom of that private contractor, rather than a policy or custom of the municipality"). Liability for any alleged constitutional violation attaches only if CCA's policies are shown to be the "moving force" behind alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 388

5

(1989); *see also Mitchell v. CCA of Tennessee, Inc.*, 2007 WL 837293 (W.D.La. 2007) (recognizing that "a municipal corporation may be held liable under § 1983 only if there is a showing of official sanction . . . on the conduct or practice at issue."); *Johnson v. Karnes*, 398 F.3d at 877 (finding that a private medical contractor was not liable under § 1983 for injury suffered by a jail inmate absent a showing the injury was the result of a policy or custom of the contractor).

As such, to prevail in this action against CCA, the plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a CCA policy or custom caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). The plaintiff must "identify the policy, connect the policy to [CCA] itself, and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (citation omitted). The plaintiff does not allege that a CCA custom or policy was the "moving force" behind his alleged failure to obtain any, or the correct, psychotropic medication. Accordingly, the plaintiff does not set forth a claim for relief against defendant CCA. Consequently, defendant CCA must be dismissed.

   2. <u>Constitutional Violations against Defendants Pratt and Scott.</u>

The plaintiff alleges that defendants Pratt and Scott knowingly failed to give him essential psychotropic medication and defendant Scott gave him the wrong medication. Additionally, he alleges that because of the conduct of defendants Pratt and Scott, his mood has been unstable, which has disrupted his daily functioning and prevented him for being housed in the general population. Further, he alleges that because of his unstable mood, he has injured himself and others.

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly

inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). There is both an objective and a subjective component to an Eight Amendment claim. *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009). The objective component requires a plaintiff to demonstrate that the medical need was "serious." *Id*. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). To meet the subjective component, a complaint must plead "facts which show that the prison official had a 'sufficiently culpable state of mind.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 834 (6th Cir. 2001). Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837. Mere negligence does not constitute deliberate indifference. *See Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Id.* at 107–08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Nonetheless, prison officials may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment. Deliberate indifference may be established in cases where it can be shown that a defendant rendered "grossly inadequate care" or made a "decision to take an easier but less efficacious course of treatment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)). A complaint states a claim when it alleges that "prison authorities have denied reasonable requests for medical treatment in the face of an

7

obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake*, 537 F.2d at 860; *Scott*, 577 F.3d at 648.

At this juncture, the plaintiff's allegations are sufficient to state an Eighth Amendment claim against defendants Pratt and Scott.

Notably, although many of the plaintiff's allegations reference incidents that took place more than a year ago, as the plaintiff notes in his complaint (ECF No. 1 at Page ID# 2), the continuing violation doctrine may delay the accrual of the plaintiff's cause of action.

> The continuing violation doctrine applies where (1) the defendants engage in continuing wrongful conduct; (2) injury to the plaintiff accrues continuously; and (3) had the defendants at any time ceased their wrongful conduct, further injury would have been avoided. A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation. Thus, [p]assive inaction does not support a continuing violation theory.

*Printup v. Dir., Ohio Dep't of Job & Family Servs.*, 654 F. App'x 781, 789 (6th Cir. 2016) (internal citations and quotation marks omitted.) At this juncture, the plaintiff's allegations are sufficient to demonstrate that defendants Pratt and Scott engaged in continual wrongful conduct in failing to give the plaintiff necessary medication, that the plaintiff's injury continuously accrued and that, had defendants Pratt and Scott stopped withholding the plaintiff's psychotropic medicine, further injury would have been avoided. As such, the statute of limitations will not bar the plaintiff from pursuing his Eighth Amendment claim against defendants Pratt and Scott.

### III. MOTION TO APPOINT COUNSEL

The plaintiff has filed a motion requesting a court-appointed attorney. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The court may, however, request an attorney to serve as counsel, in the court's

discretion. *Abdur- Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the court should consider the complexity of the issues, the procedural posture of the case, and the plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of the plaintiff's case. As such, at this time the plaintiff's request for appointment of counsel (ECF No. 5) will be denied.

## IV. CONCLUSION

For the reasons set forth herein, the plaintiff has sufficiently stated a claim for violation of his Eighth Amendment rights against defendants Pratt and Scott. The plaintiff has failed to state a claim against CCA. The complaint shall be referred to the Magistrate Judge for further proceedings as described in the accompanying order. An appropriate order is filed herewith.

ENTER this 15th day of May 2018.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE