IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| OCTAVIAN D. REEVES | ) | |
| | ) | |
| v. | ) | NO. 3:18-0029 |
| | ) | |
| CORRECTIONS CORPORATION OF AMERICA, et al. | ) ) | |

**TO:** **Honorable Aleta A. Trauger, District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order May 15, 2018 (Docket Entry No. 11), the District Judge referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Octavian D. Reeves ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC"). On January 8, 2018, he filed this lawsuit. *See* Complaint (Docket Entry No. 1). Plaintiff seeks relief under 42 U.S.C. § 1983 for violations of his federal constitutional rights alleged to have occurred at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee during 2016 and 2017. *Id*. at 4-5. In the order of referral, the Court found that Plaintiff alleged colorable constitutional claims against two defendants - Cynthia Pratt and Nurse f/n/u Scott - based on allegations that he was denied adequate medical care. All other claims and defendants were dismissed.

Service of process for Defendant Pratt was returned unexecuted with a notation that she is not an employee of the TTCC but works for Correct Care Solutions. *See* Docket Entry No. 14. Plaintiff did not return a service packet for Nurse f/n/u Scott, but instead returned a completed service packet for Scott Schuch ("Schuch"), an individual who was not named as a defendant in his original complaint. *See* Docket Entry No. 12. Plaintiff subsequently filed an amended complaint on October 16, 2018, asserting claims against Schuch and three other individuals who were also not named in his original complaint - Joseph Schweiter, Nurse f/n/u Taylor, and Nurse f/n/u Dotts -, *see* Amended Complaint (Docket Entry No. 13), but he failed to submit service packets for these new Defendants.

Because of the length of time that had passed with no activity in the case and because of the absence of any Defendant who had been served with process, the Court *sua sponte* directed the Clerk to send to Plaintiff six new service packets, four for the newly added Defendants and two for Defendants Pratt and Scott. *See* Order entered March 7, 2019 (Docket Entry No. 15). Plaintiff was directed to complete service packets and return them to the Clerk's Office within 21 days so that process could issue. Plaintiff was specifically warned that:

> process cannot be executed upon a defendant unless he provides a correct address for the defendant. In the event that process is not served upon a defendant within 90 days, Rule 4(m) requires that the defendant be dismissed in the absence of a showing of good cause for the failure to have the defendant served with process.

*Id*. at 2. Although Plaintiff returned completed service packets as instructed, service of process was returned unexecuted for all Defendants other than Defendant Schuch. *See* Docket Entry Nos. 22-27. Defendant Schuch responded to the lawsuit by filing an answer (Docket Entry No. 21) on April 8,

2019, and a scheduling order was entered, setting out deadlines for pretrial activity. *See* Docket Entry No. 28.

By Order entered August 8, 2019, the Court *sua sponte* advised Plaintiff that the remaining five Defendants had not been served and that the summonses for them were returned unexecuted and undeliverable as addressed. *See* Docket Entry No. 29. Plaintiff was advised that these Defendants would be subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure because of the lack of timely service of process and that a recommendation for their dismissal would be entered unless, no later than August 30, 2019, he either provided new addresses for them or showed good cause for why they had not been served with process. *Id*.

On September 19, 2019, Plaintiff filed an untimely response to the August 8, 2019, Order. *See* Docket Entry No. 30. In what is styled as a motion for an extension of time, Plaintiff acknowledges that he is unable to locate several of the Defendants and seeks an extension of time to complete a "brief," but he does not provide new addresses for Defendants or show good cause for why they have not yet been served.[1]

Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant be served with process within 90 days of the date the action is filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. A plaintiff bears the burden under Rule 4(m) to establish "good cause" if process is not served within 90 days of filing the complaint. *See Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006). To establish "good cause" under Rule 4(m), plaintiff must show

---

[1] Defendant Schuch filed a response in opposition to Plaintiff's motion. *See* Docket Entry No. 31.

"excusable neglect." *Id*. at 521-23. *See also Turner v. City of Taylor*, 412 F.3d 629, 649-50 (6th Cir. 2005) (applying excusable neglect standard to "good cause" analysis under Rule 4(m)).

The Court recognizes the unique difficulties faced by incarcerated *pro se* plaintiffs in litigating their cases. However, in this case, Plaintiff has failed to show good cause to excuse his failure to serve any of the five remaining Defendants for whom process has not yet been executed. The two originally named Defendants have not been served with process in the approximately 17 months since process was initially directed to issue in this case. With respect to the four Defendants added by Plaintiff's amended complaint, only one has been served even though the amended complaint was filed approximately one year ago. Further, it has been approximately seven months since the Court, by the Order entered March 7, 2019, *sua sponte* addressed the lack of service on Defendants and specifically advised Plaintiff of the need to ensure that all Defendants in this action are served within 90 days in accordance with Rule 4(m). Finally, Plaintiff's recent filing fails to provide any explanation for his failure to timely serve Defendants and fails to outline any steps he has taken to try to locate them or find new addresses for them. The unfortunate reality faced by all plaintiffs, not just *pro se* plaintiffs, is that they are sometimes unable to locate and serve defendants and the dictates of Rule 4(m) come into play.

## RECOMMENDATION

For the reasons set out above, the undersigned Magistrate Judge respectfully RECOMMENDS that Defendants Cynthia Pratt, Nurse f/n/u Scott, Joseph Schweiter, Nurse f/n/u Taylor, and Nurse f/n/u Dotts be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge