# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| OCTAIVIAN D. REEVES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:18-cv-00029** |
| | ) | **Judge Aleta A. Trauger** |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Before the court is plaintiff Octavian Reeves's "Petition in Response to Report and Recommendation" (Doc. No. 36), which the court construes as objections to the magistrate judge's October 16, 2019 Report and Recommendation ("R&R") (Doc. No. 32), to which defendant Scott Schuch has filed a Response (Doc. No. 38). The R&R recommends that all claims against defendants Cynthia Pratt, Nurse f/n/u Scott, Joseph Schweiter, Nurse f/n/u Taylor, and Nurse f/n/u Dotts (collectively, the "unserved defendants") be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure, based on the plaintiff's failure to effect timely service of process upon these defendants. For the reasons set forth herein, the court will overrule the plaintiff's objections and accept the magistrate judge's recommendation.

## I.       FACTUAL AND PROCEDURAL BACKGROUND

Reeves, an inmate in the custody of the Tennessee Department of Corrections and currently incarcerated at the Morgan County Correctional Complex, filed this lawsuit on January 8, 2018, asserting claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights in 2016 and 2017, when he was at the Trousdale Turner Correctional Center ("TTCC") in Hartsville,

Tennessee. (Compl., Doc. No. 1.) He originally asserted claims against Corrections Corporation of America ("CCA), Nurse Cynthia Pratt, and Nurse f/n/u Scott.

Upon conducting an initial review of the Complaint under the Prison Litigation Reform Act, the court dismissed the claims against CCA but allowed those against Pratt and Scott to proceed. (Doc. Nos. 10, 11.) The matter was referred to the magistrate judge. As part of the referral order, the court directed the Clerk of Court to mail to the plaintiff service packets for both defendants and notified the plaintiff that he was required to complete and return the packets to the court within 21 days. (Doc. No. 11.)

The plaintiff returned service packets for Pratt and for Scott Schuch, rather than for Nurse f/n/u Scott. At that time, Schuch was not named as a defendant in the case. The summons was returned unexecuted by Pratt, with a notification that she was not employed by Trousdale Turner Correctional Facility but by Correct Care Solutions. (Doc. No. 14, at 1.)

The plaintiff filed an Amended Complaint in October 2018, again naming Cynthia Pratt and f/n/u Scott as defendants but also naming new defendants, including Scott Schuch, Joseph Schweiter, and Nurse f/n/u Taylor. (Doc. No. 13.) In March 2019, the magistrate judge reviewed the Amended Complaint and directed the Clerk of Court to mail six service packets to the plaintiff. The plaintiff returned the service packets, and summonses were issued. The only summons returned as executed was that for Scott Schuch, for whom counsel later entered notices of appearance and filed an Answer to the Amended Complaint. The summonses for the other defendants were returned unexecuted. The returns for all five unserved defendants indicate that they are either no longer employed at the facility or not employed by the "organization." (Doc. Nos. 23–26.) The plaintiff thereafter made no apparent effort to effect service of process upon the unserved defendants.

In July 2019, the magistrate judge entered a case management order. (Doc. No. 28.) On August 8, 2019, almost ten months after the filing of the Amended Complaint, the magistrate judge entered an Order advising the plaintiff that the five unserved defendants were subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure because they had not been served within 90 days of the filing of the Amended Complaint. The order notified the plaintiff that the magistrate judge would recommend dismissal of the unserved defendants unless the plaintiff either provided new addresses for service of process upon those defendants no later than August 30, 2019 or showed cause why they had not yet been served. (Doc. No. 29.)

In a Motion for Extension of Time to Complete Brief in a Civil Action dated September 15, 2019 and received by the court on September 19, the plaintiff asked for a "60 day extension of time due to the fact Plaintiff is unable to locate several of the defendants . . . in order to complete Plaintiff's Brief in a timely fashion." (Doc. No. 30, at 2.)

In the R&R entered on October 16, 2019, the magistrate judge noted that the plaintiff's motion did not comply with the August 8 Order, because it was not filed by August 30 and the plaintiff neither provided new addresses for the unserved defendants nor attempted to show cause—that is, explain—why he had not yet served them. While recognizing the difficulties faced by incarcerated plaintiffs in litigating their cases, the magistrate judge recommends dismissal without prejudice of all claims against the five unserved defendants (Cynthia Pratt, Nurse f/n/u Scott, Joseph Schweiter, Nurse f/n/u Taylor, and Nurse f/n/u Dotts) under Rule 4(m) of the Federal Rules of Civil Procedure.

The plaintiff thereafter filed his "Petition in Response to Report and Recommendation." (Doc. No. 36.) In this filing, he appears to be attempting to excuse his untimely response to the R&R and his failure to provide new addresses for the unserved defendants by providing the dates

during which he was in "High Security Segregation" and had no access to the law library. He was in segregation for ninety days beginning January 25, 2018, shortly after filing the lawsuit, and then between August 25–31, 2019, September 12–17, 2019, and October 16–23, 2019. He also states that he explained in his lawsuit that he suffers from mood swings and depression because he does not regularly receive his necessary medication. Finally, he asks the court to direct Corrections Corporation of America (which is no longer a defendant), Correct Care Solutions (which has never been named as a defendant), and defendant Scott Schuch to provide the plaintiff with addresses for the remaining defendants.

Defendant Schuch's Response to the plaintiff's objections argues that they are procedurally insufficient and fail to provide any substantive justification for further delaying progression of the case. (Doc. No. 38.)

## II. STANDARD OF REVIEW

The standard of review to be employed by the court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. A district court judge reviews *de novo* the portions of the R&R to which proper objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are sufficiently specific are entitled to a *de novo* review under the statute. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general, because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Where the objections are not sufficiently specific, the court may treat any objections as having been waived. *Accord Daniels v. Colvin*, No. 3:14-CV-546, 2016 WL 792416, at *1 (E.D. Tenn. Feb. 29, 2016) (citing *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)). On review, the district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28

U.S.C. § 636(b) (1); Fed. R. Civ. P. 72(b).

### III.    DISCUSSION

The plaintiff's objections are timely, but they are not sufficiently specific to warrant *de novo* review. The plaintiff appears to argue only that being placed in segregation prevented him from filing a timely response to the magistrate judge's August 8 Order. This explanation is too little too late. The plaintiff's lawsuit was filed in early 2018 and is based on events that took place in 2016 and 2017. The Amended Complaint was filed in October 2018. While the timing of the plaintiffs' being in segregation at the end of August might excuse his failure to respond to the August 8 Order by August 30, it does not explain his failure, at that time, actually to explain what efforts he had made to locate and serve the unserved defendants. The court finds, on *de novo* review, that the dismissal of the unserved defendants is warranted under Rule 4(m).

### IV.    CONCLUSION AND ORDER

For the reasons set forth herein, the court **OVERRULES** the objections (Doc. No. 36) and accepts the magistrate judge's recommendation. The claims against defendants Cynthia Pratt, Nurse f/n/u Scott, Joseph Schweiter, Nurse f/n/u Taylor, and Nurse f/n/u Dotts are **DISMISSED WITHOUT PREJUDICE** under Rule 4(m) of the Federal Rules of Civil Procedure.

The claims against defendant Scott Schuch remain pending, and this matter remains on referral to the magistrate judge.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge