IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

OCTAVIAN D. REEVES )
)
v. ) NO. 3:18-0029
)
CORRECTIONS CORPORATION OF )
AMERICA, et al. )

**TO:** Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

This *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court. *See* Order entered May 15, 2018 (Docket Entry No. 11).

Pending before the Court is the motion for summary judgment filed by Defendant Scott Schuch (Docket Entry No. 33), to which Plaintiff has filed a response in opposition. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Octavian D. Reeves ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently incarcerated at the Morgan County Correctional Complex in Wartburg, Tennessee. On January 8, 2018, he filed this lawsuit *pro se* and *in forma pauperis,* asserting claims under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred when he

was confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee during 2016 and 2017. *See* Complaint (Docket Entry No. 1) at 4-5.

Upon initial review of the case under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff asserted colorable claims against two defendants - Cynthia Pratt and Nurse f/n/u Scott - based on allegations that he was denied adequate medical care in violation of the Eighth Amendment. *See* Memorandum (Docket Entry No. 10). Specifically, Plaintiff alleges that he suffers from serious mental health issues and that the two Defendants repeatedly failed to ensure that he was provided with his prescribed psychotropic medication on a daily basis despite knowing his need for the medication. *Id*. at 2. All other claims and defendants were dismissed. *See* Order entered May 15, 2018 (Docket Entry No. 11). Plaintiff subsequently amended his complaint on October 16, 2018, asserting new claims against four additional defendants - Scott Schuch ("Schuch"), Joseph Schweiter, Nurse f/n/u Taylor, and Nurse f/n/u Dotts - based upon allegations that they also repeatedly failed to ensure that he was provided with his prescribed psychotropic medication on a daily basis. *See* Amended Complaint (Docket Entry No. 13) at 1.

Defendant Schuch filed an answer to the amended complaint, *see* Docket Entry No. 21, and a scheduling order was entered setting out deadlines for pretrial activity in the case. *See* Docket Entry No. 28. The other five defendants were dismissed on December 3, 2019, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because they were unable to be served with process. *See* Memorandum and Opinion (Docket Entry No. 39).

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendant Schuch seeks summary judgment under Rule 56 of the Federal Rules of Civil Procedure and supports his motion with a memorandum of law (Docket Entry No. 35), a statement of undisputed material facts (Docket Entry No. 34), his own affidavit (Docket Entry No. 33-1), and excerpts from Plaintiff's medical records (Docket Entry No. 33-2). Schuch asserts that he is an Advanced Practice Nurse (APN)/Nurse Practitioner of Psychiatry who served as a mental health provider at the time Plaintiff was confined at the TTCC. Schuch asserts that although he examined Plaintiff and prescribed medication for him, he did not dispense medications at the facility or supervise the nursing staff, but that, if an inmate reported not receiving medications, he would report the matter to the nursing supervisor or the Health Services Administrator. *See* Affidavit of Scott Schuch at ¶¶ 1-4. Schuch contends that the undisputed evidence shows that he regularly prescribed a psychiatric medication regimen of Prozac to Plaintiff from February 2016, when Plaintiff arrived at the TTCC from another facility, to June 2017, when he ordered Plaintiff's medication to be discontinued because Plaintiff refused a mental health evaluation on June 21, 2017, and signed a form to that effect. *Id*. at ¶¶ 6-15. Schuch asserts that Plaintiff was then discharged from psychiatric services on August 30, 2017, after Plaintiff met with Lametria Johnson, a mental health provider on August 8, 2017, and refused all mental health services. *Id*. at 16.[1]

Defendant Schuch argues that this evidence shows that he provided appropriate and constitutionally adequate mental health treatment to Plaintiff. Defendant Schuch also argues that

---

[1] Defendant Schuch does not set forth evidence of any interactions with Plaintiff subsequent to the summer of 2017, and it is not clear from the record whether Plaintiff restarted mental health medications or treatment, although submissions from Plaintiff in response to the motion for summary judgment suggest that Plaintiff met with Schuch and another mental health provider in January 2018. *See* Docket Entry No. 40 at 7-8.

Plaintiff's claim against him was not timely filed and is barred by the one year statute of limitations that applies to claims brought under 42 U.S.C. § 1983 because the claim is based upon events that occurred in 2016 and 2017, more than one year prior to Plaintiff filing his amended complaint.

In response to the motion for summary judgment, Plaintiff filed a 16 paragraph, unsworn statement outlining the overall problems that he encountered obtaining his medication at the TTCC and pointing out factual discrepancies that he believes exist. *See* Docket Entry No. 40. He specifically denies that he refused mental health treatment and asserts that his signature on the June 21, 2017, refusal of services form was forged by a correctional officer. Attached to his response are 16 exhibits, consisting primarily of his prison medical records and other TDOC administrative documents. *See* Docket Entry No. 40-1 to 40-16. Plaintiff does not specifically respond to Defendant Schuch's legal arguments and does not offer a response to Defendant Schuch's statement of undisputed material facts.

## III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view

the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). *See Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003).

## IV. ANALYSIS

A. Eighth Amendment Standards

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). There is both an objective and a subjective component to an Eighth Amendment claim. *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009).

The objective component requires a plaintiff to demonstrate that the medical need was "serious." *Id*. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). To meet the subjective component, a complaint must plead "facts which show that the prison official had a 'sufficiently culpable state of mind.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273

F.3d 693, 834 (6th Cir. 2001). Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837. Although this standard does not require a showing that a prison official acted with a purpose or intent to inflict harm, the standard is not satisfied by a showing of negligence. *See Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); *Comstock*, 273 F.3d at 703. Plaintiff must show more than medical malpractice and negligence on the part of Defendants because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." *Comstock*, 273 F.3d at 703. Further, a prisoner cannot support a claim merely by disagreeing with a diagnosis or treatment. *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

B. Claim against Defendant Schuch

Summary judgment should be granted to Defendant Schuch because there is simply insufficient evidence before the Court upon which a reasonable jury could conclude that he violated Plaintiff's Eighth Amendment rights by acting with deliberate indifference to Plaintiff's serious medical needs. Any factual disputes do not rise to the level of genuine issues of material fact that require that the motion for summary judgment be denied.

Plaintiff's response to the motion for summary judgment suffers from two major shortcomings. First, the response is lacking sufficient evidentiary support. Although Plaintiff attaches to his response various relevant documents, he fails to support the numerous factual

assertions that he makes in his response with his own affidavit or declaration or with any other type of affirmative evidence. Unsworn statements cannot be considered as evidence rebutting a motion for summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n. 1 (6th Cir. 2010); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 969 (6th Cir. 1991).

However, even if the Court, in light of Plaintiff's *pro se* status, considers his response as something akin to admissible supporting evidence, Plaintiff still fails to set forth sufficient evidence upon which a reasonable jury could conclude that he was treated by Defendant Schuch in a manner that violated the Eighth Amendment. The undisputed evidence shows that Defendant Schuch's only involvement with Plaintiff was examining Plaintiff regarding his mental health and regularly prescribing Prozac to Plaintiff from February 2016 to June 2017. Plaintiff has provided no evidence showing that Schuch had any personal role in the problems that Plaintiff encountered receiving the prescribed medication on a daily basis from the medical staff or that Schuch had any duty or responsibility regarding how and when medication were distributed to inmates once they were prescribed. Further, Defendant Schuch has provided an explanation, with evidentiary support, for why he made the medical decision to discontinue Plaintiff's prescription and to discharge him from further mental health treatment in June and August of 2017. Namely, that Plaintiff had (1) refused to attend a mental health evaluation with Schuch in June, 2017, and (2) signed both a form refusing a mental health appointment on June 21, 2017 and a form refusing all mental health services on August 8, 2017. *See* Docket Entry No. 33-1 at ¶¶ 14-16 and supporting records. Although Plaintiff disputes that he signed the form refusing to attend a mental health appointment with Schuch and further disputes that he was actually refusing mental health treatment when he walked out of the

7

August 8, 2017, appointment with a medical provider, *see* Docket Entry No. 40 at ¶¶ 3-4, these disputes fail to raise genuine issues of material fact. There is no evidence before the Court that shows or even infers that Defendant Schuch somehow acted with deliberate indifference by relying upon these events in making his medical decision to discontinue Plaintiff's medication and his mental health treatment. There is no evidence that Defendant Schuch had any involvement in the alleged forging of Plaintiff's signature on the June 21, 2017, form or in the August 8, 2017, medical appointment Plaintiff had with the other medical provider.

In the end, Plaintiff has offered no evidence upon which a reasonable jury could conclude that Defendant Schuch bears constitutional liability for either the problems Plaintiff encountered receiving his medications from the medical staff in 2016 and 2017 or for the discontinuance of Plaintiff's medication and mental health treatment in the summer of 2017. Because the evidence against Defendant Schuch is inadequate to support Plaintiff's constitutional claim and warrants dismissal of Plaintiff's claim on the merits, it is unnecessary to address Defendant's Schuch's alternative statute of limitations argument.

**RECOMMENDATION**

For the reasons set out above, it is respectfully RECOMMENDED that the motion for summary judgment filed by Defendant Scott Schuch (Docket Entry No. 33) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the

Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge